UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY CASIANO,

                        Plaintiff,

            v.

WARDEN KISA SMALLS; CAPT.
THEAGRE, NO. 1851; CORRECTIONAL
OFFICER K. LUTON, NO. 5144;
CORRECTIONAL OFFICER FOOTS, NO.
5509; CORRECTIONAL OFFICER M.H.
FORM, NO. 4016; CORRECTIONAL
OFFICER RUCKER, NO. 2398; JOHN
DOE – CORRECTIONAL OFFICER, AS
YET UNIDENTIFIED; THE CITY OF NEW
YORK; DEPARTMENT OF CORRECTION,

                        Defendants.

19 Civ 5226 (KPF)

ORDER OF SERVICE

KATHERINE POLK FAILLA, District Judge:

Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings

this *pro se* action under 42 U.S.C. § 1983, alleging that, while he was detained

by the New York City Department of Correction, Defendants violated his

constitutional rights.  By Order dated July 9, 2019, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis* (IFP).[1]  On January 7, 2020, the Court conducted an initial pretrial

conference, during which Plaintiff notified the Court that certain defendants

named in his Amended Complaint had not been served.  (Dkt. #32).  After

reviewing the Amended Complaint, the Court takes notice of the fact that

---

[1]      Prisoners are not exempt from paying the full filing fee even when they have
         been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

Defendants Department of Correction, Smalls, Theagere, Form, and Foots have not yet been served in this action. For the reasons discussed below, the Court dismisses Plaintiff's claims against Defendants Department of Correction and Smalls, but requests that Defendants Theagere, Form, and Foots waive service of summons.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the

Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.     The Department of Correction

For the reasons stated in the Court's Order of July 12, 2019 (Dkt. #8), Plaintiff's claims against Defendant Department of Correction remain dismissed.

### B.     Warden Kisa Smalls

For the reasons stated in the Court's Order of July 12, 2019 (Dkt. #8), Plaintiff's claims against Defendant Kisa Smalls remain dismissed. Plaintiff's Amended Complaint does not allege any facts showing how Defendant Smalls

was personally involved in the events underlying his claims.  Plaintiff's claims against this Defendant are therefore dismissed for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.   Waiver of Service

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that Capt. Theagere # 1851; Correctional Officer M.H. Form, # 4016; and Correctional Officer Foots, #5509 waive service of summons.

## D.   John Doe Defendant

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction to identify the John Doe correction officer involved in the January 23, 2019 incident.  It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City Department of Correction, must ascertain the identity and badge number of the John Doe correction officer whom Plaintiff seeks to sue here and the address where this Defendant may be served.[2]  The New York City Law

---

[2]   If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.  If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

Department must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendant. The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order asking Defendant to waive service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

Plaintiff's claims against the Department of Correction and Warden Kisa Smalls remain dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Defendants Captain Theagre, Shield No. 1851; C.O. Foots, Shield No. 5509; and C.O. M.H. Form, Shield No. 4016, waive service of summons.

The Clerk of Court is directed to mail a copy of this Order and the complaint to New York City Law Department at: 100 Church Street, New York, New York 10007.

A Second Amended Complaint form is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 10, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

```
Anthony Casiano
NYSID: 02010485Z
DIN No. 19A2659
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## SECOND AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name               Middle Initial               Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                          Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name           Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City           State           Zip Code

Defendant 2:

First Name           Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City           State           Zip Code

Defendant 3:

First Name           Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City           State           Zip Code

Defendant 4:

First Name           Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City           State           Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _____      Plaintiff's Signature _____

First Name _____      Middle Initial _____      Last Name _____

Prison Address _____

County, City _____      State _____      Zip Code _____

Date on which I am delivering this complaint to prison authorities for mailing: _____