

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEPHANIE DE ANGELIS**
*Assistant Corporation Counsel*
Phone: (212) 356-3513
Fax: (212) 356-1148
Email: sdeangel@law.nyc.gov

March 6, 2020

**VIA ECF**
Honorable Katherine P. Failla
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: Anthony Casiano v. City of New York, et al.,
19-cv-5226

Your Honor:

I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, representing defendants City of New York, Officer Rucker and Officer Luton in the above-referenced matter. The undersigned writes to respectfully request: (l) that the Court compel plaintiff to provide this office with responses to Defendants' First Set of Interrogatories and Request for Production of Documents and corresponding executed releases by a date certain, on pain of dismissal; and (2) in accordance with Local Civil Rule 37.2 of the Southern District of New York, a conference to discuss defendants' above-mentioned request. This is defendants' first request that the Court compel plaintiff to provide this office with responses to Defendants' First Set of Interrogatories and Request for Production of Documents and corresponding executed releases.

By way of background, plaintiff alleges, *inter alia*, that on January 23, 2019 Correction Officers assaulted him and made false allegations on the notice of infraction with regard to the incident. Plaintiff further alleges that he was subsequently denied the opportunity to attend the infraction hearing and call witnesses on his behalf. Plaintiff made several discovery requests in his letters entered on the Docket on September 17, 2019 (see Civil Docket Entry No. 27) and February 3, 2020 (see Civil Docket Entry No. 69). Pursuant to those discovery requests, on February 25, 2020 the undersigned called plaintiff to explain that this office received the requested documents from the Department of Correction and that the undersigned would produce them to plaintiff. Pursuantly, the undersigned produced to plaintiff responses to said discovery

requests on February 28, 2020 via first class mail.  Additionally, during the February 25, 2020 call, plaintiff requested an additional extension of time from February 19, 2020 (see Civil Docket Entry No. 60) until March 4, 2020 to provide this office with responses to Defendants' First Set of Interrogatories and Request for the Production of Documents and corresponding executed releases.  The undersigned consented to plaintiff's request and relayed this agreement to the Magistrate Judge Robert W. Lehrburger during the telephone conference held on February 26, 2020 at which plaintiff was present.

However, to date, this office has not received plaintiff's responses to Defendants' First Set of Interrogatories and Request for the Production of Documents and corresponding executed releases.  Instead, on March 2, 2020, plaintiff filed a letter to the Court "challenging, Defendents Assistant Corporation Counsel Stephanie De Angelis request of documents."  (See Civil Docket Entry No. 78).  Plaintiff also inquired as to the relevancy of his "Criminal Records History."  Id.  On March 6, 2020, the undersigned called plaintiff to meet and confer and explained the relevancy of said discovery requests.  The undersigned further warned plaintiff that if he continued to refuse to respond to defendants' discovery requests, the undersigned would request that the Court compel him to comply and to dismiss the case for failure to prosecute if his refusal continues.  Plaintiff said that he understood and explicitly repeated his refusal.  Pursuantly, defendants respectfully request that the Court compel plaintiff to provide this office with responses to defendants' First Set of Interrogatories and Request for Production of Documents and corresponding executed releases by a date certain, on pain of dismissal.

The parties have engaged in extensive settlement discussions, which to date, are still ongoing.  Specifically, a Settlement Conference is currently scheduled for March 17, 2020 before Magistrate Judge Robert W. Lehrburger.  Should the settlement negotiations fall through, defendants will require plaintiff's discovery responses and corresponding executed releases to proceed in discovery and take a meaningful deposition of plaintiff.  Accordingly, the undersigned respectfully requests: (l) that the Court compel plaintiff to provide this office with responses to Defendants' First Set of Interrogatories and Request for Production of Documents and corresponding executed releases by a date certain, on pain of dismissal; and (2) in accordance with Local Civil Rule 37.2 of the Southern District of New York, a conference to discuss defendants' above-mentioned requests.

    Respectfully submitted,

    _Stephanie De Angelis_ /s

    Stephanie De Angelis
    *Assistant Corporation Counsel*
    Special Federal Litigation Division

cc:    **BY FIRST CLASS MAIL**
    Anthony Casiano (19-A-2659)
    *Plaintiff Pro Se*
    Auburn Correctional Facility
    P.O. Box 618
    Auburn, NY 13024

The Court is in receipt of Defendants' letter motion to compel Plaintiff to: (i) respond to Defendants' first set of interrogatories; (ii) respond to Defendants' request for production of documents; and (iii) provide Defendants with executed releases. (Dkt. #79). The Court is also in receipt of Plaintiff's letter dated February 25, 2020, objecting to Defendants' request for production of documents and executed releases (Dkt. #79), as well as Plaintiff's responses to Defendants' first set of interrogatories (Dkt. #81). Specifically, Plaintiff has objected to providing Defendants with releases or documents pertaining to his criminal history, which he believes are irrelevant to this proceeding.

Defendants' application to compel Plaintiff to respond to their request for production of documents and to provide Defendants with the executed releases provided to him is GRANTED. Plaintiff is hereby ORDERED to:(i) respond to Defendants' request for production of documents, and (ii) provide Defendants' with the executed releases by March 30, 2020, on pain of dismissal. Plaintiff is advised that production of documents to Defendants does not guarantee that such documents, including Plaintiff's criminal history, will be deemed admissible evidence.

Dated:   March 10, 2020
         New York, New York

SO ORDERED.

*A copy of this Order was mailed by Chambers to:*

Anthony Casiano
NYSID: 02010485Z
DIN No. 19A2659
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE