UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY CASIANO,

                Plaintiff,

              v.

CAPT. THEAGRE, No. 1851;
CORRECTIONAL OFFICER K. LUTON, No. 5144; CORRECTIONAL OFFICER FOOTS, No. 5509; CORRECTIONAL OFFICER TIM GRAY, No. 17389; CORRECTIONAL OFFICER K. SHEPARD, No. 11481; CORRECTIONAL OFFICER RUCKER, No. 2398; CORRECTIONAL OFFICER B. GERADEALL, No. 9037; CORRECTIONAL OFFICER A. CAPEHART, No. 3713; CORRECTIONAL OFFICER SEIVWRIGHT, No. 17414; WARDEN KISA SMALLS; THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION,

                Defendants.

19 Civ 5226 (KPF)

ORDER OF SERVICE

---

KATHERINE POLK FAILLA, District Judge:

      Plaintiff, currently incarcerated in Auburn Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that, while he was detained by the New York City Department of Correction, Defendants violated his constitutional rights. By Order dated July 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] Plaintiff filed a Second Amended Complaint on September 17, 2020. (Dkt. #126). For the reasons discussed below, the Court dismisses

---

[1]     Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Plaintiff's claims against Defendant Department of Correction but requests that Defendants Smalls, Gray, Shepard, Geradeall, Capeheart, and Seivwright waive service of summons.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the court must accept all well-pleaded factual allegations as true.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.  *Id.*

## DISCUSSION

**A.   The Department of Correction**

For the reasons stated in the Court's Order of July 12, 2019 (Dkt. #8), Plaintiff's claims against Defendant Department of Correction remain dismissed.

**B.   Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that C.O. Tim Gray, Shield No. 17389; C.O. K. Shepard, Shield No. 11481; C.O. B. Geradeall, Shield No. 9037; C.O. A. Capehart, Shield No. 3712;

C.O. Seivwright, Shield No. 17414; and Warden Kisa Smalls waive service of summons.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

Plaintiff's claims against the Department of Correction remain dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that Defendants C.O. Tim Gray, Shield No. 17389; C.O. K. Shepard, Shield No. 11481; C.O. B. Geradeall, Shield No. 9037; C.O. A. Capehart, Shield No. 3712; C.O. Seivwright, Shield No. 17414; and Warden Kisa Smalls, waive service of summons.

The Clerk of Court is directed to mail a copy of this Order and the complaint to New York City Law Department at: 100 Church Street, New York, New York 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 2, 2020
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge