UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY CASIANO,

                Plaintiff,

           v.

THE CITY OF NEW YORK, *et al.*,

                Defendants.

19 Civ 5226 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Plaintiff's letter dated December 13, 2020, docketed on December 23, 2020, raising several discovery issues with the Court. (Dkt. #146). The Court addresses each issue in turn.

    *First*, Plaintiff argues that now that he has viewed the video that has been the subject of prior Court orders (*see, e.g.*, Dkt. #123, 125), he believes there are portions missing from the video. By letter dated December 17, 2020, Defendants represented to the Court that they have produced all video footage that was "part of the Use of Force investigation," and that there is no "missing footage." (Dkt. #144). Out of an abundance of caution, Defendants are to inform the Court, on or by **January 12, 2021**, whether any additional video footage relating to the incident exists, excluding footage already produced that was "part of the Use of Force investigation."

    *Second*, Plaintiff claims he has not listened to the audio recording of his disciplinary hearing. By Order dated December 18, 2020, the Court addressed this issue by directing Auburn Correctional Facility to ensure that Plaintiff is able to listen to this recording, and to inform the Court when Plaintiff has done

so. (Dkt. #145). Once the Court has been informed that Plaintiff has listened to the recording, it will set a deadline for Plaintiff to file his amended complaint.

*Third*, the Court understands that Plaintiff seeks audio recordings of another inmate's disciplinary proceedings. On this record, the Court will not compel production of another inmate's disciplinary proceedings. Plaintiff may seek information from the disciplinary hearing of "Rogers T." through other methods of discovery, such as by deposition or subpoena. The Court will not delay Plaintiff's deadline to file an amended complaint based on this discovery request.

*Fourth*, Plaintiff raises concerns regarding statements he gave to Investigator Islar and/or Investigator Aybar in connection with the Department of Correction's ("DOC") investigation into the incident at issue in this litigation. To the extent Plaintiff seeks a written copy of any verbal statement(s) he provided to DOC, Defendant shall produce such documents if they exist and have not yet been produced. To the extent Plaintiff challenges the authenticity of any written copies of his verbal statement(s) that Defendants provided in discovery, any such challenges are premature. The Court will entertain evidentiary challenges at a later stage in this litigation, for example, during pre-trial motion practice. At this stage, the Court is concerned with ensuring that Plaintiff has sufficient discovery to file his amended complaint. Similarly, Defendants have already represented to the Court that there is no audio recording of Plaintiff's statement to DOC investigators, and as such,

Defendants will not be producing any such recording. (*See* Dkt. #144-145). Finally, the Court does not believe Plaintiff has established that the production of DOC investigatory rules or regulations is either relevant or proportional to the instant litigation. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

*Fifth*, Plaintiff requests that the Court expedite this case and set a trial date. This case is not ready to proceed to trial. The Court cannot set a trial date until Plaintiff files his amended complaint, the parties complete discovery, and the parties pursue dispositive motion practice.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: December 29, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge