UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY CASIANO,<br><br>                              Plaintiff,<br><br>                    v.<br><br>CAPT. THEAGRE, No. 1851; CORRECTIONAL OFFICER K. LUTON, No. 5144; CORRECTIONAL OFFICER C. FOOTE, No. 5509; CORRECTIONAL OFFICER TIM GRAY, No. 17389; CORRECTIONAL OFFICER K. SHEPARD, No. 11481; CORRECTIONAL OFFICER RUCKER, No. 2398; CORRECTIONAL OFFICER B. GERADEAU, No. 9037; CORRECTIONAL OFFICER A. CAPEHART, No. 3713; CORRECTIONAL OFFICER SEIVWRIGHT, No. 17414; NICHOLAS FRANTZ; WARDEN KISA SMALLS; THE CITY OF NEW YORK,<br><br>                              Defendants. | 19 Civ 5226 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff, currently incarcerated in Auburn Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that, while he was detained by the New York City Department of Correction, Defendants violated his constitutional rights.  By Order dated July 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]  Plaintiff filed a Third Amended Complaint on January 7, 2021. (Dkt. #151).

---

[1]    Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that C.O. K. Shepard, Shield No. 11481, and Warden Kisa Smalls waive service of summons.  The Court expects that electronic notice of Plaintiff's Third Amended Complaint is sufficient service as to the Defendants that have already appeared in this case: C.O. Tim Gray, Shield No. 17389; C.O. B. Geradeau, Shield No. 9037; C.O. A. Capehart, Shield No. 3712; C.O. Seivwright, Shield No. 17414; C.O. Rucker, Shield No. 2398; C.O. C. Foote, Shield No. 5509; C.O. K. Luton, Shield No. 5144; Capt. Theagere, Shield No. 1851; and the City of New York.

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction to identify Defendant Nicholas Frantz.  It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City Department of Correction, must ascertain the identity of Nicholas Frantz whom Plaintiff seeks to sue here and the address where this Defendant may be served.[2]  The New York City Law

---

[2]   If Defendant Frantz is a current or former DOC employee or official, the New York City Law Department should note in the response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.  If Defendant Frantz is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department is directed to provide a residential address where the individual may be served.

Department must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Defendants C.O. K. Shepard, Shield No. 11481, and Warden Kisa Smalls waive service of summons.

The Clerk of Court is directed to mail a copy of this Order and the complaint to New York City Law Department at: 100 Church Street, New York, New York 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 8, 2021
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge