UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY CASIANO,

          Plaintiff,

      -v. -

CAPT. THEAGRE, No. 1851;
CORRECTIONAL OFFICER K. LUTON,
No. 5144; CORRECTIONAL OFFICER C.
FOOTE, No. 5509; CORRECTIONAL
OFFICER TIM GRAY, No. 17389;
CORRECTIONAL OFFICER K. SHEPARD,
No. 11487; CORRECTIONAL OFFICER
RUCKER, No. 2398; CORRECTIONAL
OFFICER B. GERADEAU, No. 9037;
CORRECTIONAL OFFICER A.
CAPEHART, No. 3713; CORRECTIONAL
OFFICER SEIVWRIGHT, No. 17414;
NICOLAS FRANTZ; WARDEN KISA
SMALLS; THE CITY OF NEW YORK,

          Defendants.

19 Civ. 5226 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

On the record on July 7, 2021, Plaintiff sought leave to renew his application for the appointment of pro bono counsel, which application the Court granted. (*See* Minute Entry for July 7, 2021). On July 13, 2021, the Court received Plaintiff's application for the appointment of pro bono counsel (Dkt. #190). For the reasons discussed below, Plaintiff's application for appointment of pro bono counsel is granted in part. The Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purpose of pursuing discovery.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Dkt. #6 (Order dated July 9, 2019)). Plaintiff therefore qualifies as indigent. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins* v. *Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge* v. *Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." *Id.* at 61.

The Court has reviewed the Third Amended Complaint (Dkt. #151), and has discussed the anticipated discovery sought by the parties on the record on July 7, 2021. Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was assaulted by Defendant Correctional Officers while incarcerated at the Rikers Island facility, and that

he received inadequate medical care after this assault. (*See id.*). Plaintiff's claims will rise and fall on his ability to depose Defendants, the key participants and witnesses to the alleged misconduct. Because Plaintiff requires multiple depositions to advance his case, and because his claims raise complex legal issues such as qualified immunity, the Court finds that, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purpose of pursing discovery. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See*

http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied

for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   July 16, 2021
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge